IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> for the use of JJID, Inc. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NASON CONSTRUCTION INCORPORATED, ) <br> a Pennsylvania corporation, and ) <br> TRAVELERS CASUALTY AND SURETY ) <br> COMPANY OF AMERICA, ) <br> a Connecticut corporation ) <br> ) <br> Defendant. ) | C.A. No. |

## COMPLAINT

1. Plaintiff, JJID, Inc. ("JJID") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 100 Julian Lane, Bear, Delaware 19701.

2. Defendant, Nason Construction Incorporated ("Nason"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Nason can be served by serving its registered agent in the State of Delaware, Deborah P. Nason-Naples at 2000 Foulk Road, Suite P, Wilmington, Delaware 19810.

3. Defendant Travelers Casualty and Surety Company of America ("Travelers"), upon information and belief, is a Connecticut corporation, organized and existing under the laws of the State of Connecticut, authorized to transact insurance in the State of Delaware. Service of process can be made upon the Delaware Insurance Commissioner of the State of Delaware, 841 Silver Lake Boulevard, Dover, Delaware 19901, pursuant to 18 Del. C. §525.

46747 v1

## COUNT I - MILLER ACT CLAIMS
## (AGAINST NASON AND TRAVELERS)

4.  This action arises, the Court has jurisdiction, and is proper in this District under the *Miller Act*, United States Code, Title 40, Sections 3131 and 3133 (formerly 40 U.S.C. §270(a), *et seq.*).

5.  On or about January 25, 2002, Nason entered into a contract with the United States Army Corps of Engineers ("USACE") to furnish the materials and perform the labor for the construction of a new mortuary on the Dover Air Force Base (the "Project"), in accordance with the specifications contained in the Contract (the "USACE Contract").

6.  On January 29, 2002, pursuant to the terms of the USACE Contract, Nason, as principal, and Travelers, as surety, executed and delivered to the USACE their Bond, conditioned as required by the *Miller Act*, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the USACE Contract (the "Bond"). Travelers issued the Bond with Nason as principal and Travelers as surety, binding themselves jointly and severally, *inter alia,* to pay for labor, materials and equipment furnished for use in the performance of the Project pursuant to the USACE Contract. A true and correct copy of the Bond is attached hereto as Exhibit "A."

7.  On June 1, 2002, JJID entered into a Subcontract with Nason ("Subcontract"), amended by Change Orders dated August 14, 2002, October 3, 2002, October 7, 2002, December 9, 2002, February 27, 2003, April 7, 2003 and June 27, 2003, by the terms of which JJID agreed to furnish certain labor and equipment required for the Project under the USACE Contract. A true and correct copy of the Subcontract is attached hereto as Exhibit "B."

37952 v1                                                      2

8. JJID then entered into the performance of its Subcontract and furnished labor, materials and equipment as prescribed in the Subcontract and performed additional and extra labor in prosecution of the work provided in the USACE Contract.

9. The original Subcontract amount was $833,570.00. To date, JJID has performed all contractual work as well as additional "extra work" which has increased the value of the Subcontract to $1,188,758.38. Progress payments totaling $1,007,569.99 have been received leaving an unpaid balance owed to JJID of $181,188.89. A true and correct copy of Nason's Change Orders to JJID are attached hereto as Exhibit "C."

10. Notwithstanding JJID's several demands for payment, such balance has not been paid and there is now justly due and owing to JJID the sum of $181,188.89, that amount being the reasonable value of the labor performed and material and equipment furnished by JJID to Nason pursuant to the Subcontract, less those amounts already paid to JJID as set forth above.

11. Nason breached the Subcontract with JJID in that it has failed and refused to pay JJID the monies due it for labor performed and material and equipment furnished as set forth above.

12. The date on which the last labor was performed and equipment was supplied to Nason by JJID was June 30, 2004. A period of more than 90 days has elapsed since such date and JJID has not been paid in full for the labor performed and material and equipment furnished.

13. On August 11, 2004, JJID submitted a verified claim pursuant to the Bond to Travelers. A true and correct copy of the verified claim is attached hereto as Exhibit "D." Travelers has failed and refused to honor its payment bond and pay JJID the amounts owed.

14. All conditions precedent for the bringing and maintenance of this action have been performed or have occurred.

WHEREFORE, JJID demands judgment against Nason and Travelers pursuant to the Bond in the amount of $181,188.89 together with pre and post judgment interest thereon, the costs of this action, attorneys' fees and such other and further relief as the Court deems just.

## COUNT II - BREACH OF CONTRACT CLAIM
## (AGAINST NASON)

15. JJID incorporates Paragraphs 1 through 14 above as if fully set forth at length herein.

16. On June 1, 2002, JJID and Nason entered into the Subcontract to perform labor and provide materials and equipment to the Project. The original Subcontract amount was $833,570.00. To date, JJID has performed all contractual work as well as additional "extra work" which has increased the value of the contract to $1,188,758.38.

17. Nason has breached the Subcontract by failing to pay $181,188.89 due JJID under the Subcontract.

WHEREFORE, JJID demands judgment against Nason for damages in the amount of $181,188.89 together with pre and post judgment interest thereon, the costs of this action, attorneys' fees and such other and further relief as the Court deems just.

5

SEITZ, VAN OGTROP & GREEN, P.A

/s/ James S. Green
**JAMES S. GREEN, ESQ. (DE0481)**
jgreen@svglaw.com
**KEVIN A. GUERKE, ESQ. (DE4096)**
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
   Attorneys for Plaintiff JJID, Inc.

Dated:  March 4, 2005