IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of JJID, Inc., <br><br>Plaintiff, <br><br>v. <br><br>NASON CONSTRUCTION INCORPORATED, a Pennsylvania corporation, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-128 |

**ANSWER OF DEFENDANTS NASON CONSTRUCTION INCORPORATED AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA AND COUNTERCLAIM AGAINST UNITED STATES OF AMERICA FOR THE USE OF JJID, INC.**

COME NOW, Nason Construction Incorporated and Travelers Casualty and Surety Company of America, by and through their undersigned counsel, and hereby answer the Complaint filed by Plaintiff, United States of America for the use of JJID, Inc., in the above-captioned proceeding as follows[1]:

1. The allegations contained in Paragraph 1 are admitted in part and denied in part. It is admitted that Nason Construction, Inc. ("Nason") has used the corresponding address in dealings with JJID; however, the Answering Defendants lack knowledge or information sufficient to form a belief as to the remaining averments which are, therefore, denied.

2. The allegations contained in Paragraph 2 are admitted; however, Nason can be served at Suite F, not Suite P.

3. The allegations contained in Paragraph 3 are admitted.

---

[1] This Answer uses the same paragraph numbers as the Plaintiff's pleading.

## COUNT I - MILLER ACT CLAIMS

4.  The allegations contained in Paragraph 4 state conclusions of law to which no response is required. If answer is required, however, the allegations are denied.

5.  The allegations contained in Paragraph 5 are admitted in part and denied in part. It is admitted that Nason entered into a contract identified as DACA61-02-C-0001 with the United State Army Corps of Engineers ("USACE") dated January 25, 2002, to construct the new Mortuary at the Dover Air Force Base. The contract, being in writing, speaks for itself and all characterizations of it are, therefore, denied.

6.  The allegations contained in Paragraph 6 are admitted in part and denied in part. It is admitted only that Exhibit A to the Complaint appears to be both the Performance Bond and Payment Bonds, each dated January 29, 2002, in which Nason is named as "Principal" and Travelers Casualty and Surety Company of America ("Travelers") as "Surety" with respect to the USACE contract DACA61-02-C-0001. The remaining allegations either constitute conclusions of law or purport to interpret a writing which speaks for itself and are, therefore, denied.

7.  The allegations contained in Paragraph 7 are admitted in part and denied in part. It is admitted that Nason entered into a Subcontract Agreement with plaintiff that is dated May 17, 2002 (not June 1, 2002) ("the Subcontract Agreement") which was amended by Change Orders dated August 14, 2002, October 3, 2002, October 7, 2002, December 9, 2002, February 27, 2003, April 7, 2003 and June 27, 2003. The Change Orders are writings which speak for themselves and characterizations regarding their content or effect are, therefore, denied.

8. The allegations contained in Paragraph 8 are admitted in part and denied in part. It is admitted only that JJID performed a portion of the work prescribed in the Subcontract Agreement. It is denied that JJID completed the totality of the scope of the work prescribed in the Subcontract Agreement. It is further denied that JJID performed any extra work other than that identified in the Subcontract Agreement or in the Change Orders identified in Paragraph 7 above.

9. The allegations contained in Paragraph 9 are admitted in part and denied in part. It is admitted that the original Subcontract amount was $833,570.00. It is also admitted that progress payments by Nason to JJID have totaled $1,007,569.99. The Change Orders attached to the Complaint totaling $233,840.39 are the only approved Change Orders and consequently the amended Subcontract value is $1,067,410.39. It is denied that JJID has performed all contractual work under the Subcontract Agreement. It is further denied that JJID has performed additional extra work that has increased the value of the Subcontract to $1,188,758.38.

10. The allegations contained in Paragraph 10 are admitted in part and denied in part. It is admitted only that JJID has made several demands for payment to which it is not entitled. It is denied that there is any balance of payment due to JJID. By way of further response, as set forth more fully in Counterclaims I and II below, JJID owes Nason an amount not less than $43,165.60.

11. The allegations of Paragraph 11 state conclusions of law to which no response is required. If answer is required, however, the allegations are denied.

12. The allegations of Paragraph 12 are denied. Ninety (90) days have not elapsed since JJID last performed labor and/or provided equipment. JJID attempted to complete certain services required of it under the Subcontract Agreement as recently as March 7, 9 and 10, 2005.

See the "Certified Payroll Report" sworn to by JJID's Payroll Coordinator, a copy of which is attached hereto as <u>Exhibit 1</u>.

13. The allegations contained in Paragraph 13 are admitted in part and denied in part. It is admitted that JJID submitted a claim form to St. Paul Travelers, a copy of which is attached to the Complaint as Exhibit D and which was received by St. Paul Travelers on August 11, 2004. It is denied that the claim is verified. It is further denied that Travelers has failed and refused to honor the claim. To the contrary, Travelers assumed a cooperative posture while JJID and Nason were actively discussing mediation. Both Travelers and Nason anticipated that mediation would be scheduled, until surprised by JJID's filing of its Complaint.

14. The allegations of Paragraph 14 state conclusions of law to which no response is required. If answer is required, however, the allegations are denied.

WHEREFORE, Defendants, Nason Construction, Inc. and Travelers Casualty and Surety Company of America, Inc., request that judgment be entered in their favor together with their costs, fees and such other and further relief as this Court may deem appropriate.

## COUNT II-BREACH OF CONTRACT CLAIM

15. Paragraph 15 is a paragraph of incorporation to which no response is required. If answer is required, however, the allegations are denied.

16. The allegations contained in Paragraph 16 are admitted in part and denied in part. It is admitted that Nason entered into a Subcontract Agreement with plaintiff that is dated May 17, 2002 (not June 1, 2002) which was amended by Change Orders dated August 14, 2002, October 3, 2002, October 7, 2002, December 9, 2002, February 27, 2003, April 7, 2003 and June 27, 2003. It is admitted that the original Subcontract amount was $833,570.00. It is denied that JJID has performed all contractual work under the Subcontract Agreement. It is further denied

that JJID has performed additional extra work that has increased the value of the Subcontract to $1,188,758.38.

17. The allegations of Paragraph 17 state conclusions of law to which no response is required. If answer is required, however, the allegations are denied.

WHEREFORE, Defendants, Nason Construction, Inc. and Travelers Casualty and Surety Company of America, Inc. request that judgment be entered in their favor and against Plaintiff together with their costs, fees and such other and further relief as the Court may deem appropriate

## AFFIRMATIVE DEFENSES

DEFENDANTS, Nason Construction, Inc. and Travelers Casualty and Surety Company of America, Inc., assert the following affirmative defenses to Plaintiff's Complaint:

18. Defendants, Nason Construction, Inc. and Travelers Casualty and Surety Company of America, Inc., incorporate their responses set forth above in paragraphs 1 through 17 as if fully set forth herein at length.

19. Plaintiff fails to state a claim for which it is entitled to relief.

20. The Complaint wholly fails to identify what, if any, additional or extra work for which Plaintiff seeks damages. The only additional or extra work identified in the Complaint is memorialized in the Change Orders attached to the Complaint as Exhibit C, which Defendant Nason does not dispute.

21. It was for each Sitework bidder (of which JJID was the award winning bidder) to make its determination from the Contract Drawings as to whether soils would need to be removed from or added to the site to complete the work and to include that consideration in the

price submitted to win the bid. The bidding Subcontractor has the expertise to make that determination and take whatever risk it deems appropriate for itself.

22. Defendants incorporate by reference the Subcontract Agreement in its entirety attached hereto as <u>Exhibit 2</u> including all Exhibits and terms and conditions governing the rights and obligation as between Nason and JJID.

23. Any labor and materials, and any associated overhead/supervision/manpower, for which JJID may be seeking compensation, were within the scope of the Subcontract Agreement

24. Nason paid JJID the full amount to which JJID was entitled, accounting for Nason's entitled set-off as set forth more fully in Counterclaims I and II below, pursuant to the Subcontract Agreement and approved Change Orders.

25. Pursuant to the Subcontract Agreement, JJID agreed to the procedure of submitting Change Order Requests for any additional or extra work. Paragraph 5 of the Subcontract Agreement provides:

> SUBCONTRACTOR shall submit a written Change Order request within ten (10) days after the first occurrence of the event giving rise to the claim which is the subject of such request, whether for extra work, an extension of time or otherwise. Change Orders not submitted within such time period will be invalid and will be considered waived. No additions, deductions or other changes shall be made in the WORK, nor shall there be charges for premium time, except upon prior written order of the CONTRACTOR…"

26. The Change Orders submitted as attachments to JJID's Complaint were approved and subsequently paid by Nason, with the exception of $59,840.40 which is exceeded by Nason's set-off as set forth more fully in Counterclaims I and II below.

27. If there was any "extra work" beyond what corresponds with the Change Orders attached to JJID's Complaint, JJID failed to follow the proper procedure for seeking

compensation. Therefore, JJID is estopped from seeking compensation and has waived any and all claims for additional or extra work at this late date by way of a lawsuit.

28. JJID's failure to either correctly evaluate the site needs and bidding documents or to properly and timely present a claim for additional work are solely JJID's responsibility and not that of the answering Defendants.

29. Any damages that JJID has sustained (which the answering Defendants deny) are due to JJID's failure to correctly evaluate the site needs and bidding documents and/or to properly and timely present a claim for additional work and are damages solely for which JJID is responsible and not the answering Defendants.

30. To the extent any portion of JJID's alleged damages are based upon schedule delays or extended General Conditions, the Subcontract Agreement provides that JJID is only entitled to an extension of time to complete its performance, but not to any monetary damages. See Exhibit 2, Subcontract Agreement at Exhibit A, paragraph 21.

31. As set forth more fully in Counterclaims I and II below, Nason is entitled to withhold and off-set amounts expended by Nason as a result of JJID's failure to perform its obligations under the Subcontract Agreement.

32. JJID's claims are barred, in whole or in part, by its failure to mitigate its damages, the existence of which are denied.

33. JJID's claims are barred by the Statute of Frauds.

34. JJID's claims are barred by the doctrine of unclean hands.

35. JJID's claims are untimely.

36. JJID's claims are barred in whole or in part by lack of consideration.

37. At no time whatsoever did Nason breach the Subcontract Agreement with JJID.

38.   Traveler's assumed a cooperative posture while JJID and Nason were actively discussing mediation and has not taken any position regarding JJID's claim other than to acknowledge receipt and assert a reservation of rights and defenses while conducting its investigation.

WHEREFORE, Defendants, Nason Construction, Inc. and Travelers Casualty and Surety Company of America, Inc., request that judgment be entered in their favor and against Plaintiff together with their costs, fees and such other and further relief as the Court may deem appropriate

## COUNTERCLAIM I
## BREACH OF CONTRACT

39. Defendant, Nason Construction, Inc. incorporates its responses set forth above in paragraphs 1 through 38 as if fully set forth herein at length.

40. JJID and Nason entered into a Subcontract Agreement dated May 17, 2002, which was amended by Change Orders dated August 14, 2002, October 3, 2002, October 7, 2002, December 9, 2002, February 27, 2003, April 7, 2003 and June 27, 2003. A copy of the Subcontract Agreement is attached hereto as Exhibit 2.

41. JJID breached the Subcontract Agreement. Examples of JJID's breach of the Subcontract Agreement include, but are not limited to, the following:

   (a) failing to timely perform its work,

   (b) failing to complete its work,

   (c) failing to perform all grading according to specifications,

   (d) failing to provide soil according to specifications,

   (e) failing to remove concrete pipe and debris from/under the topsoil;

   (f) failing to submit testing reports,

   (g) damaging work performed by others, and

   (h) poor workmanship.

42. JJID's breach of the Subcontract Agreement caused Nason to incur additional expenses, including extended overhead/supervision/manpower backcharges and set-offs in an amount in excess of $103,006 to date. See the "Schedule of Backcharges and Set-Offs as a Result of JJID's Breach" dated April 18, 2005 attached hereto as Exhibit 3.

WHEREFORE, Defendants, Nason Construction, Inc. and Travelers Casualty and Surety Company of America, Inc., request that judgment be entered in their favor and against Plaintiff

together with their costs, fees and such other and further relief as the Court may deem appropriate

## COUNTERCLAIM II
### SET-OFF

43.     Defendant, Nason Construction, Inc. incorporates its responses set forth above in paragraphs 1 through 42 as if fully set forth herein at length.

44.     JJID never completed the scope of work set forth in the Subcontract Agreement.

45.     Nason made numerous attempts both verbally and in writing to request that JJID complete its work under the Subcontract Agreement.

46.     Nason notified JJID that if JJID did not complete the work under the Subcontract Agreement, Nason would have the work completed by others on JJID's account.

47.     JJID failed to respond to Nason's notification and requests for performance. Nason subsequently had JJID's work completed at a cost of no less than $103,006.00. See Exhibit 3.

48.     Pursuant to the Subcontract Agreement, Nason is entitled to withhold/off-set any amount that corresponds with JJID's failure to perform its obligations under the Subcontract Agreement. See, e.g. ¶¶ 6, 7 and 22 of Exhibit A to the Subcontract Agreement.

49.     Therefore, Nason is entitled to off-set no less than $103,006.00 against any amount owed to JJID.

50.     The amount withheld from JJID under the Subcontract Agreement and approved Change Orders was $59,840.40.

51.     Nason's expenses exceed the unpaid amount of the approved Change Orders by at least $43,165.60.

WLM#60791                                                  10

WHEREFORE, Defendant, Nason Construction, Inc. requests that judgment be entered in its favor and against Plaintiff together with its costs, fees and such other and further relief as the Court may deem appropriate

                KLETT ROONEY LIEBER & SCHORLING
                A Professional Corporation

By: *Jennifer M. Becnel-Guzzo*
                James J. Sullivan, Jr. (Bar No. 2266)
                Jennifer M. Becnel-Guzzo (Bar No. 4492)
                The Brandywine Building
                1000 West Street, Suite 1410
                Wilmington, DE 19801
                (302) 552-4200
                (302) 552-4295 (facsimile)
                jsullivan@klettrooney.com

April 18, 2005              jbecnel-guzzo@klettrooney.com

                Attorneys for Defendants
                Nason Construction Incorporated and
                Travelers Casualty and Surety Company of
                America