IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| for the use of JJID, Inc., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 05-128-KAJ |
| : | |
| NASON CONSTRUCTION : | |
| INCORPORATED and TRAVELERS : | |
| CASUALTY AND SURETY COMPANY : | |
| OF AMERICA, : | |
| : | |
| Defendants. : | |

## ORDER

At Wilmington this **23rd** day of **June, 2005**.

IT IS ORDERED that a status/scheduling teleconference has been scheduled for **Tuesday, June 28, 2005 at 4:00 p.m. EST** with Magistrate Judge Thynge. **Plaintiff's counsel shall initiate the teleconference call.** The Court has arranged for Hawkins Reporting to provide a court reporter to transcribe the teleconference. However, counsel shall be responsible for payment of the court reporter fees. Attached to this Order is a draft copy of the Magistrate Judge's Rule 16 Scheduling Order and Final Pretrial and Trial Management Order. Counsel are to advise the Magistrate Judge by letter the names of those participating in the teleconference.

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

**DRAFT**

|  |  |  |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| Defendant. | : | |

## SCHEDULING ORDER

At Wilmington this _____ day of _____ , **2005.**

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before _____.

2. **Joinder of other Parties and Amendment of Pleadings**: All motions to join other parties and amend the pleadings shall be filed on or before _____.

3. **Discovery**:[1]

---

[1] Should the parties desire limitations on the number of depositions, interrogatories and/or requests for production, these limitations should be included in the scheduling order.

      a.    <u>Initiation of Discovery</u>. The parties are relieved from Rule 26(d)'s limitation on seeking discovery before the Rule 26(f) meeting.

      b.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of \_\_\_\_ hours for taking testimony by deposition upon oral examination.

      c.    <u>Location of Depositions</u>. Any party or representative (officer, director or managing agent) of a party filing a civil action in this court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made on order of the court. A defendant who becomes a counterclaimant, cross-claimant or third-party plaintiff shall be considered as having filed an action in this court for the purpose of this provision.

      d.    <u>Discovery Cut-Off</u>: All discovery in this case shall be initiated so that it will be completed on or before _____.

      e.    <u>Disclosure of Expert Testimony</u>: Unless otherwise agreed to by the parties, they shall file their initial Federal Rule 26(a)(2) disclosure of expert testimony on or before _____, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before _____. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      f.    <u>Discovery Disputes</u>: Should counsel find they are unable to resolve a discovery dispute, they shall jointly contact the Court to schedule a time for an office or telephonic conference to review the matter. No less than **three (3) business days** before the conference, counsel **may** file a **<u>THREE PAGE LETTER</u>**, exclusive of

exhibits, describing the issue(s) in contention.  The originals of said letters are to be filed with the Clerk's Office with a copy to the Magistrate Judge.  **Motions filed pursuant to Fed. R. Civ. 26 or 37 without benefit of the above-described informal procedure shall be denied.**  If counsel for a party believes that a discovery dispute requires resolution on an urgent basis, counsel may contact the Court and request a more immediate office or telephonic conference.

        4.        **<u>Confidential Documents</u>**: Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within **ten (10)** days from the date of this order.

        Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclosure another party's information designated confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

If a party contends that information sought in discovery is confidential and the parties have not agreed on the terms of an appropriate protective order, until a protective order is entered, disclosure of that information shall be limited to trial counsel who have entered an appearance and, where appropriate, have been admitted <u>pro</u> <u>hac</u> <u>vice</u>, and to

4

such other persons as the parties may agree.

      5.    **Papers filed under Seal**:  When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

      6.    **Interim Status Report**: On _____, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

      7.    **Status Conference**: On _____, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel at _____ m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this teleconference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

      8.    **Case Dispositive Motions**:  All case dispositive motions and an opening brief or memorandum of points and authorities and affidavits, if any, in support of the motion shall be served and filed on or before _____.  Briefing will be presented pursuant to the Court's Local Rules with the following page restrictions: opening and answering briefs or memoranda shall be limited to **twenty-five (25) pages**.  The reply brief or memorandum shall be limited to **fifteen (15) pages**.

      9.    **Applications by Motion**:  Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the

statement required by Local Rule 7.1.1.

      10. **[For Intellectual Property Cases] <u>Tutorial Describing the Technology and Matters in Issue</u>**. [This paragraph in the scheduling order is not a requirement. If the parties believe that it would be helpful to the Court to have a tutorial, it is not required that the tutorial be by video tape. Should the parties determine that another format, such as, a tutorial conference or a computerized presentation, for example, would be more appropriate, or that the tutorial is unnecessary, they may make their suggestions regarding the tutorial during the initial Rule 16 Scheduling and Planning Conference.

      Regardless of the format, the tutorial should include (1) a description of the technology in issue and (2) a summary of the parties' primary factual and legal contentions. The tutorial should be filed under seal as part of the Court's file, subject to any protective order in effect. This paragraph may also include the opportunity to comment, in writing (with page limitations) within a reasonable time, on the opposing party's tutorial. Because the purpose of the tutorial is to educate the Court, it should be filed prior to the initial exchanges under paragraph 11. As a result of the format selected, the parties should confirm as to the Court's technical abilities to access the information contained in the tutorial.]

      11. **[For Intellectual Property Cases] <u>Claim Construction Matters</u>**: The parties shall contemporaneously file and exchange initial briefs on claim construction issues on _____. The parties' answering/responsive briefs shall be filed and exchanged contemporaneously on _____. No reply briefs or supplemental papers

on claim construction shall be filed without leave of the Court. The initial briefs shall be limited to **thirty (30) pages** and the answering/responsive briefs shall be limited to **fifteen (15) pages.** Any exhibits and/or appendices shall be limited to **fifty (50) pages**, exclusive of the patent, the patent specification and prosecution history.

The claim construction hearing is scheduled for _____ beginning at ____m.[2]

At least **ten (10) business days** before the initial briefs are due, the parties are to provide a joint submission which is limited to and identifies for the Court the terms/phrases of the claim(s) in issue, and includes each party's proposed construction of the disputed terms/phrases with citation(s) to the **intrinsic evidence** only in support of their respective proposed construction. A copy of the patent(s) in issue are to be attached. In this joint submission, the parties shall not provide any argument.

12. **Pretrial Conference**: On _____, the Court will hold a Rule 16(d) final pretrial conference in Chambers with counsel beginning at _____ m. No less than **twenty-one (21) days** before the joint proposed pretrial order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order with the information plaintiff proposes to include in the draft. Within **five (5) business days** from the date of receiving the draft, defendant's counsel shall, in turn, provide plaintiff's counsel with comments on the plaintiff's draft and the information defendant proposes to include in the proposed order.

Unless otherwise ordered by the Court, the parties should assume that filing the

---

[2] The inclusion of this paragraph is not intended to require a claim construction hearing.

Pretrial Order satisfies the Pretrial Disclosure Requirement in Fed.R.Civ.P.26(a)(3). Where a case is to be tried to a jury, pursuant to Local Rules 47.1 and 51.1, the parties shall confer and make every reasonable effort to resolve objections, so that a joint filing of the proposed voir dire, instructions to the jury, and special verdict forms or special interrogatories may occur. Any objections or counter proposed voir dire, jury instructions, special verdicts or interrogatories shall be included with these submissions.

The parties shall file the joint proposed final pretrial order, voir dire, instructions to the jury, verdict forms or special interrogatories, consistent with the requirements of this Order and the Final Pretrial and Trial Management Order, no later than **ten (10) full business days** before the final pretrial conference. The **original and one copy** must be filed with the Clerk's Office and a **courtesy copy** sent to the Magistrate Judge's Chambers.

13. **Trial**: This matter is scheduled for a _____ day (jury or non-jury) trial. For the purposes of completing pretrial preparations, counsel should plan on each side being allocated a total of _____ hours to present its case.

14. To the extent this order allows or the Court specifically requests or authorizes any copies of writings to be delivered to Chambers, **no originals** of such writings shall be delivered to Chambers.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**DRAFT**

|                | : |                  |
|---------------:|:-:|------------------|
|                | : |                  |
|     Plaintiff, | : |                  |
|                | : |                  |
| v.             | : | Civil Action No. |
|                | : |                  |
|                | : |                  |
|    Defendant.  | : |                  |

**FINAL PRETRIAL and TRIAL MANAGEMENT ORDER**

Pursuant to Fed.R.Civ.P. 16 and unless otherwise ordered by the court,

IT IS ORDERED as follows:

1. <u>Pretrial Conference and Pretrial Order:</u> The Scheduling Order in this case and Local Rule 16 establish the procedures for preparing, exchanging and filing a draft of the proposed pretrial order. The final pretrial order operates as the blueprint for trial. Therefore, the court will use the final pretrial order in ruling on objections during trial, including objections to arguments and to the relevance and admissibility of evidence.

   a. <u>General Information</u>: Names, addresses and telephone numbers of counsel for the parties, a brief description of the nature of the action involved (e.g., breach of contract, patent, personal injury) and the basis for the jurisdiction of the court, including cites of the applicable statutes are to be included in the draft order.

   b. <u>Uncontested Facts</u>: Included in the draft order is a comprehensive stipulation or statement of all uncontested facts, which will be part of the evidentiary record of the case and may be read to the jury by the court or any party.  Counsel for plaintiff and

for any counter-, cross- or third-party complainant is responsible for preparing the initial draft of the proposed stipulation or statement dealing with the allegations in their respective party's complaint. If the admissibility of any uncontested fact is challenged, the party objecting and the basis for the objection must be provided.

      c. <u>Issues of Fact and Expected Proof</u>: Under Local Rules 16.4(d)(4),(8),(9) and (10), each party is required to identify the facts in issue, with a brief statement of what it intends to prove in support of its claims and defenses. These summaries should be sufficient to identify for the court the essential facts in issue and to fairly notify the other parties of what counsel expects to prove at trial. The court will use these sections in the final pretrial order and the jury instructions in ruling on relevance and admissibility of evidence. Where a party has served contention interrogatories, the responding party will not be allowed to include in the final pretrial order new issues or new facts not fairly disclosed in the answers to those interrogatories.

      d. <u>Issues of Law</u>: Pursuant to Local Rule 16.4(d)(5), each party is to include in the draft order a statement of the issues of law which any party contends remains to be litigated. The court will preclude a party from seeking relief based on claims and defenses not described in the draft pretrial order. Counsel will stipulate to those claims and defenses waived by any party.

      e. <u>Witnesses</u>: In addition to the requirements under Local Rule 16.4(d)(7), during the pretrial conference, the court will review with counsel the trial schedule for witnesses, any request to sequester witnesses, whether or not certain witnesses may need to be subpoenaed and the expected scope of direct and cross examination for witnesses who may be called by more than one party. Any witness not listed will be precluded from

testifying absent good cause shown, except that each party may reserve the right to call rebuttal witnesses who are not presently identifiable, as may be necessary.

Any objection to a witness will briefly state the basis for the objection and where applicable, include the supporting Fed. R. Evid.

    f. <u>Opinion Testimony</u>: Included in the draft order, in addition to the provisions of Local Rule 16.4.(d)(7) and 1(e) of this Order, will be a brief summary of the opinions to be offered by any witness to be called to offer opinion testimony. Regarding experts, either a stipulation or statement setting forth the expert's qualifications in a form that can be read to the jury will also be included. The court prefers to limit the number of expert witnesses to one expert for each subject matter for each party, unless good cause is shown.

    g. <u>Exhibits</u>: Except for rebuttal exhibits and in addition to the provisions of Local Rule 16.4(d)(6), the list of exhibits to be offered by each party at trial will contain the identification number of the exhibit. Included in each party's exhibit list will be a description of the demonstrative evidence or experiments that the party intends to use at trial. Exhibits not listed will not be admitted unless good cause is shown. Cumulative documents will be omitted. Duplicate exhibits will not be scheduled by different parties, but may be offered as joint exhibits. All parties will stipulate to the authenticity of the exhibits, or shall identify those that have not been stipulated to with the specific reasons for the failure to so stipulate. Copies of exhibits shall be made available to opposing counsel prior to the pretrial conference.

Any objection to and any response to an objection to an exhibit will provide the identification number and otherwise be consistent with the requirements of Local Rule 16.4(d)(6). Exhibits not objected to will be received into evidence by the operation of this

order and the final pretrial order without the need for additional foundation testimony.

On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party, and shall also deliver to chambers a bench book of exhibits. In non-jury trials, two bench books of exhibits will be delivered to chambers and counsel are encouraged for such trials to mark their exhibits in chronological order.

  h. <u>Depositions</u>: Counsel should confer prior to the pretrial conference to determine which testimony will be offered by deposition (including video tape depositions), to agree on the designation of those portions of the depositions to be offered into evidence, and to identify objections. If there are objections that will need to be resolved, counsel will submit the transcript and a summary of the objections with the draft pretrial order. Any video tape deposition to which an objection is raised will be made available to the court to review during the pretrial conference. Upon a showing of good cause, objections not previously raised to a video tape deposition will be handled pursuant to Local Rule 30.4(e). Video tape depositions will otherwise be handled at trial consistent with Local Rule 30.4(d).

All irrelevant and redundant material including colloquy between counsel will be eliminated when the deposition is read or viewed at trial.

  i. <u>Motions in Limine</u>: Rather than filing motions in limine, included in the draft order should be a brief summary of any evidentiary or other issue that would otherwise be the subject of a motion in limine along with a summary of the pertinent supporting statutory and case law. If the motion relates to the admissibility of documents, copies of those documents should be provided to the court during the pretrial conference.

  j. <u>Voir Dire [for jury trials]</u>: In additional to Local Rule 47.1, the scheduling

12

order in this case provides for the filing time and obligations of counsel regarding voir dire. The court will not ask voir dire that is not filed pursuant to that order. In preparing and filing proposed voir dire, no more than ten questions, including those jointly submitted, for each party will be considered during the pretrial conference. The court will ask questions seeking to determine whether the members of the panel are familiar with the case, with counsel or with any of the witnesses, or if any member of the panel has some physical disability or scheduling problem that will prevent the potential juror from sitting in the case. Such questions are not included in the number limitation herein. Should any juror answer yes to a voir dire question, the court and counsel will explore the basis at side bar.

      k.   <u>Jury Instructions [for jury trials]</u>: In addition to Local Rule 51.1, the Scheduling Order in this case provides for the filing time and obligations of counsel regarding the jury instructions. All instructions and objections will include supporting authorities. Such supporting authorities may include appropriate and applicable standardized jury instructions from other jurisdictions and the Superior Court of the State of Delaware. The failure to comply with this Order, Local Rule 51.1 and the Scheduling Order in this case relating to this rule will be treated by the court as a waiver of a claim for relief.

Any requests for supplemental instructions during trial or at the close of evidence will be considered by the court on the basis of whether said proposed instruction could have been reasonably anticipated at the time of the final pretrial conference.

      l.   <u>Verdict Form [for jury trials]</u>: In addition to Local Rule 51.1(c), the Scheduling Order in this case provides for the filing time and obligations of counsel regarding the verdict form or special interrogatories.

**In addition to providing in triplicate the proposed joint jury instructions, voir dire and verdict form or special interrogatories pursuant to Local Rules 47.1 and 51.1, plaintiff's counsel will provide the court on diskette these documents.**

**At trial counsel for plaintiff will submit two unmarked original sets of joint jury instructions and verdict forms or special interrogatories to the court for use by the jury during deliberations.**

m. <u>Damages</u>: In addition to the requirements under Local Rule 16.4(d)(8), an itemized statement of special damages will be included in the draft pretrial order.

n. <u>Non-Jury trial</u>: Each party shall provide proposed *Findings of Fact and Conclusions of Law*, with a copy to the court. These shall be separately stated in numbered paragraphs. The Findings of Fact should contain a detailed listing of the relevant material facts the party intends to prove in a simple narrative form. The Conclusions of Law should contain concise statements, with supporting citations, of the legal theories propounded by counsel. Counsel should include a proposed post-trial briefing schedule in the draft pretrial order.

o. <u>Settlement status</u>: In addition to the provisions of Local Rule 16.4(d)(12), counsel should be prepared to discuss the status of settlement negotiations and whether court assistance in the settlement efforts would be helpful.

p. <u>Other</u>: Included in the draft pretrial order will be a statement that each party has completed discovery, including the depositions of expert witnesses, unless the court has previously ordered otherwise. In the rare event that discovery has not been completed, counsel shall identify the discovery remaining and the date on which it will be

completed in the draft pretrial order.

    2. <u>Trial Procedures</u>

        a. <u>Trial Schedule</u>: Unless otherwise ordered by the court, the usual trial schedule will be from 9:00 a.m. to 4:30 - 5:00 p.m. The Courtroom Deputy will keep a running total of trial time used by counsel. Opening and closing statements will be included in the total. For depositions time will be allocated according to the lines of testimony designed by each party.

        b. <u>Jury Note Taking and Notebooks</u>: For a jury trial, the court will provide jurors with pens and pads. Counsel are encouraged to prepared notebooks of key exhibits for each juror. Unless otherwise agreed to by counsel or ordered by the court, no documents should be included in a notebook provided to a juror until that document has been admitted into evidence.

        c. <u>Preliminary Instructions</u>: For a jury trial, the court will give preliminary jury instructions prior to the opening statements. In preparing for trial, counsel should consider whether liability and damage instructions should be given to the jury before opening statements.

        d. <u>Use of Lectern</u>: The court prefers counsel to present the opening statement, conduct examination of witnesses and make the closing argument from the lectern.

        e. <u>Opening Statement</u>: Opening statement is not an argument. Counsel may object to an improper opening statement.

        f. <u>Order of Proof</u>: The presentation of evidence will usually follow the pleadings and burden of proof. This means that typically plaintiff will go first on those

issues for which it has the burden. Defendant will answer those issues and open as to the issues for which it has the burden. Plaintiff may reply on its claim for relief and answer defendant's claims. Defendant may then reply regarding its claims. The reply by either party will be limited to matters it could not have anticipated at the time it opened.

      g. <u>Examination of Witnesses</u>: Examination of witnesses will usually be limited to direct, cross examination and re-direct. Cross examination will be limited to matters covered in direct and impeachment. Re-direct will be limited to matters covered in cross examination.

      h. <u>Objections and Side Bar</u>: Counsel should expect that there will not be side bar conferences during trial. In a jury trial, to the extent that counsel can anticipate an evidentiary objection, the matter should be brought to the court's attention during a break before the evidence is offered. In arguing that evidence is admissible, counsel should be prepared to identify: 1) the matter in issue, 2) the fact of consequence to the determination of that issue, and 3) how this evidence affects the probability of that fact. During trial, counsel should object by standing, announcing the objection and identifying the rule of evidence in support of the objection. Arguing objections in front of the jury or the witness will be avoided.

      i. <u>Transition Statements</u>: Counsel are encouraged to make brief transitional statements, in the nature of an opening statement, to the jury or the court in a bench trial.

      j. <u>Opinion Testimony</u>: Counsel will not ask the court in the presence of the jury to a finding of whether a witness qualified to offer an opinion.

      k. <u>Demonstrative Exhibits</u>: Unless otherwise agreed to by the parties, demonstrative exhibits are marked for identification but not admitted into evidence.

   l. <u>Testimony by Deposition</u>: Unless otherwise agreed to by the parties, designated portions of deposition transcripts are read in order from the beginning of the transcript to the end, except that in a bench trial, such transcripts need not be read to the court.

   m. <u>Instructions</u>: The court will read the final instructions to the jury before closing argument.

   n. <u>Closing Arguments</u>: During closing arguments, counsel may prepare and submit to the jury examples of how the verdict form should be filled out.


                    _____
                     United States Magistrate Judge

Dated:_____