IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use of JJID, Inc.,<br><br>           Plaintiff,<br><br>v.<br><br>NASON CONSTRUCTION<br>INCORPORATED and TRAVELERS<br>CASUALTY AND SURETY COMPANY<br>OF AMERICA,<br><br>           Defendants. | :<br>:<br>:<br>:<br>:<br>:   C. A. No. 05-128-MPT<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## SCHEDULING ORDER

At Wilmington this **29th** day of **June, 2005.**

The Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on June 28, 2005, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

    1.    **Rule 26(a) Initial Disclosures**: Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before July 27, 2005.

    2.    **Discovery**:

        a.    Initiation of Discovery. The parties are relieved from Rule 26(d)'s limitation on seeking discovery before the Rule 26(f) meeting.

      b.    <u>Limitation on Hours for Deposition Discovery</u>.  Each side is limited to a total of thirty-five (35) hours for taking testimony by deposition upon oral examination.

      c.    <u>Location of Depositions</u>.  Any party or representative (officer, director or managing agent) of a party filing a civil action in this court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  Exceptions to this general rule may be made on order of the court.  A defendant who becomes a counterclaimant, cross-claimant or third-party plaintiff shall be considered as having filed an action in this court for the purpose of this provision.

      d.    <u>Discovery Cut-Off</u>: All discovery in this case shall be initiated so that it will be completed on or before November 30, 2005.

      e.    <u>Disclosure of Expert Testimony</u>: On issues where a party has the burden of proof, the initial Federal Rule 26(a)(2) disclosure of expert testimony shall be filed[1] on or before September 30, 2005.  The supplemental disclosure to contradict or rebut evidence on the same subject matter identified in the initial report(s) shall be filed on or before October 31, 2005.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      f.    <u>Discovery Disputes</u>: Should counsel find they are unable to resolve a discovery dispute, they shall jointly contact the Court to schedule a time for an office or telephonic conference to review the matter.  No less than **three (3) business days** before the conference, counsel **may** file a **THREE PAGE LETTER**, exclusive of

---

[1] Any reference to the filing of documents refers to efiling.

2

exhibits, describing the issue(s) in contention. The originals of said letters are to be filed with the Clerk's Office with a copy to the Magistrate Judge. **Motions filed pursuant to Fed. R. Civ. 26 or 37 without benefit of the above-described informal procedure shall be denied.** If counsel for a party believes that a discovery dispute requires resolution on an urgent basis, counsel may contact the Court and request a more immediate office or telephonic conference.

       3.    **Status Conference**: On September 12, 2005, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel at 8:30 a.m. Plaintiff's counsel shall initiate the telephone call. At the time of this teleconference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.

       4.    **Case Dispositive Motions**: No case dispositive motions shall be filed in this matter.

       5.    **Applications by Motion**: Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

       6.    **Pretrial Conference**: On January 6, 2006, the Court will hold a Rule 16(d) final pretrial conference in Chambers with counsel beginning at 9:00a.m. No later than Thursday, December 22, 2005, counsel shall confer and advise of their respective

proposals and comments to be included in the draft of the pretrial order, so that a joint proposed final pretrial order is timely filed pursuant to this Order.

Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the Pretrial Disclosure Requirement in Fed.R.Civ.P.26(a)(3).

The parties shall file the joint proposed final pretrial order consistent with the requirements of this Order and the Final Pretrial and Trial Management Order, no later than Friday, December 30, 2005. A courtesy copy shall be sent to the Magistrate Judge's Chambers.

7. **Trial**: This matter is scheduled for a three (3) day non-jury trial beginning at 9:00 a.m. on Tuesday, January 17, 2006 in Courtroom 6C. For the purposes of completing pretrial preparations, counsel should plan on each side being allocated a total of nine (9) hours to present its case.

8. To the extent this order allows or the Court specifically requests or authorizes any copies of writings to be delivered to Chambers, **no originals** of such writings shall be delivered to Chambers.

_____
UNITED STATES MAGISTRATE JUDGE